**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN MASON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:15-cv-3172** |
| **vs.** | § | |
| | § | **JURY** |
| **TRAVELERS LLOYDS OF TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Defendant Travelers Lloyds of Texas ("Travelers" or "Defendant") files its Notice of Removal of this action from the 298th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending.  This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, Defendant shows this Court as follows:

1.      On June 23, 2015, Plaintiff John Mason ("Plaintiff") commenced an action in the 298th Judicial District Court of Dallas County, Texas, styled *John Mason v. Travelers Lloyds of Texas*, where it was assigned Cause No. DC-15-07126.

2.      On September 17, 2015, Travelers was served with a citation.  Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date).

3.      Defendant is, contemporaneously with the filing of this Notice, giving written

notice of filing of this Notice of Removal to the clerk of the 298th Judicial District Court of Dallas County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4.      In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court.  Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

GROUND FOR REMOVAL:  DIVERSITY

5.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

(a)      **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6.      "Plaintiff seeks monetary relief of more than $100,000 but less than $200,000." *See* Ex. A-2 at ¶ 70.  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b)      **Complete diversity between Plaintiff and Defendant exist.**

7.      Plaintiff was at the time of the filing of this action, has been at all times since, and is still an individual resident citizen of the State of Texas.  For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom.  *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Accordingly, Plaintiff is a citizen of Texas.

8.      Travelers is a Lloyd's plan insurance association and is an unincorporated

association.  For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters.  *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").  Travelers' underwriters are all citizens of Connecticut; none of its underwriters are citizens of Texas.  Accordingly, Travelers is a citizen of Connecticut.

9.    Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 298th Judicial District Court of Dallas County, Texas be removed to this Court.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this document has been furnished to counsel of record as provided below, via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure, this 30th day of September 2015:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
The Voss Law Firm, P.C.
26619 Interstate 45
The Woodlands, Texas 77380

_/s/ Alissa Puckett_____
Alissa Puckett