# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **JOHN MASON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | |
| | § | **JURY** |
| **TRAVELERS LLOYDS OF TEXAS,** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 06/23/2015 | Plaintiff's Original Petition |
| A-3 | 06/23/2015 | Civil Case Information Sheet |
| A-4 | 06/23/2015 | Request for citation |
| A-5 | 06/23/2015 | Request for jury trial |
| A-6 | 06/26/2015 | Citation |
| A-7 | 08/18/2015 | Notice of dismissal hearing |
| A-8 | 09/15/2015 | Notice of dismissal hearing |
| A-9 | 09/25/2015 | Defendant's Original Answer |

# Exhibit A-1

# REGISTER OF ACTIONS
## CASE NO. DC-15-07126

| | | |
|---|---|---|
| **JOHN MASON vs. TRAVELERS LLOYDS OF TEXAS** | § <br> § <br> § <br> § <br> § | Case Type: **CNTR CNSMR COM DEBT** <br> Date Filed: **06/23/2015** <br> Location: **298th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **DEFENDANT** | **TRAVELERS LLOYDS OF TEXAS** | |
| **PLAINTIFF** | **MASON, JOHN** | **ZACH MOSELEY** <br> *Retained* <br> 713-861-0015(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
| | |
|---|---|
| 06/23/2015 | **NEW CASE FILED (OCA) - CIVIL** |
| 06/23/2015 | **ORIGINAL PETITION** <br> *ORIGINAL PETITION* |
| 06/23/2015 | **CASE FILING COVER SHEET** <br> *CIVIL INFORMATION SHEET* |
| 06/23/2015 | **CORRESPONDENCE - LETTER TO FILE** <br> *CITATION REQUEST LETTER* |
| 06/23/2015 | **JURY DEMAND** <br> *JURY FEE LETTER* |
| 06/23/2015 | **ISSUE CITATION** |
| 06/26/2015 | **CITATION** <br> TRAVELERS LLOYDS OF TEXAS          Unserved |
| 06/26/2015 | **CITATION ISSUED** |
| 09/21/2015 | *CANCELED* **Final Disposition Hearing** (9:00 AM) (Judicial Officer TOBOLOWSKY, EMILY) <br> *BY COURT ADMINISTRATOR* |
| 09/25/2015 | **ORIGINAL ANSWER - GENERAL DENIAL** <br> *Defendant's Original Answer* |
| 10/26/2015 | **Final Disposition Hearing** (9:00 AM) (Judicial Officer TOBOLOWSKY, EMILY) |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** MASON, JOHN | | | |
| | Total Financial Assessment | | | 315.00 |
| | Total Payments and Credits | | | 315.00 |
| | **Balance Due as of 09/29/2015** | | | **0.00** |
| | | | | |
| 06/24/2015 | Transaction Assessment | | | 315.00 |
| 06/24/2015 | CREDIT CARD - TEXFILE <br> (DC) | Receipt # 36473-2015-DCLK | MASON, JOHN | (315.00) |

# Exhibit A-2

FILED
DALLAS COUNTY
6/23/2015 3:37:10 PM
FELICIA PITRE
DISTRICT CLERK

Gay Smith

DC-15-07126

CAUSE NO. _____

| | | |
|---|---|---|
| **JOHN MASON,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS,** | § | |
| **Defendant.** | § | 298TH-M _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** John Mason (hereinafter "Plaintiff"), and complains of Travelers Lloyds of Texas (hereinafter "Travelers"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Garland, in Dallas County, Texas.

### PARTIES

3.    Plaintiff is an individual whose residence is located in Garland, Dallas County, Texas.

---

4.     Travelers Lloyds of Texas is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Travelers may be served with Citation and a copy of this Petition, by serving it through its registered agent for service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 4106 Wiltshire Dr., Garland, Texas 75043, (the "Property").  In addition to seeking economic and penalty based damages from Travelers, Plaintiff also seeks compensation from Travelers for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Travelers to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, number 0M6781-040214866-676-9, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around October 6, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Travelers to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Travelers continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Travelers has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Travelers, as well as provided opportunities for Travelers to inspect the Property.   However, Travelers failed to conduct a fair investigation into the damage to the Property.   Moreover, Travelers failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Travelers's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Travelers.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Travelers failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.    Travelers has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Travelers has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.

Travelers did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Travelers has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Travelers in a timely manner.

17.     Travelers has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Travelers that failed to conduct a reasonable investigation.  Ultimately, Travelers performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Travelers has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Travelers.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.   In addition, Travelers has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## **CONDITIONS PRECEDENT**

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Travelers were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Travelers and/or were completed in its normal and routine course and scope of employment with Travelers.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Travelers had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property.  Travelers breached this duty in a number of ways, including but not limited to the following:

     a.     Travelers was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

     b.     Travelers had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

     c.     Travelers failed to properly complete all adjusting activities associated with Plaintiff.

25.     Travelers's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Travelers had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Travelers has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Travelers's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.   Travelers collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

which the consumer would not have entered had such information been disclosed;

d.      Using or employing an act or practice in violation of the Texas Insurance Code;

e.      Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f.      Failure to properly investigate Plaintiff's claim; and/or

g.      Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Travelers in low-balling and/or denying Plaintiff's damage claim.

32.      As described in this Original Petition, Travelers represented to Plaintiff that his insurance policy and Travelers's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33.      As described in this Original Petition, Travelers represented to Plaintiff that its insurance policy and Travelers's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.      By representing that Travelers would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Travelers has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.      Travelers has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies.   This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Travelers's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Travelers's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Travelers to his detriment.  As a direct and proximate result of Travelers's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the above-described acts, omissions, and failures of Travelers are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Travelers's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Travelers having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Travelers having intentionally committed such conduct.

40.     As a result of Travelers's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his

costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

**D.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Travelers's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Travelers engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.      Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.      Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.      Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Travelers, and Plaintiff relied upon these unfair or deceptive acts or practices by Travelers to his detriment.   Accordingly, Travelers became the insurer of Plaintiff.

44.     As a direct and proximate result of Travelers's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Travelers's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Travelers having knowingly committed such conduct.   Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Travelers having intentionally committed such conduct.

46.     As a result of Travelers's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**E.**
**BREACH OF THE COMMON-LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Travelers has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Travelers has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Travelers knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Travelers is a proximate cause of Plaintiff's damages.

**F.**
**BREACH OF FIDUCIARY DUTY**

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Travelers had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Travelers owed a duty of good faith and fair dealing to Plaintiff.  Travelers breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiff;

      b.     Travelers did not make reasonable use of the confidence that Plaintiff placed upon it;

c.      Travelers did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d.      Travelers did not place the interests of Plaintiff before its own, and Travelers used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e.      Travelers placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f.      Travelers did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52.    Travelers is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Travelers's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54.    Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Travelers has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55.    Such violations include, without limitation, all the conduct described in this Original Petition, plus Travelers's failure to properly investigate Plaintiff's claim.  Plaintiff also includes Travelers's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Travelers's failure to pay for the proper repair of Plaintiff's Property, as to which Travelers's liability had become reasonably clear.

56.    Additional violations include Travelers's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims.   Plaintiff further includes

Travelers's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Travelers's misrepresentations of coverage under the subject insurance policy. Specifically, Travelers is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Travelers's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Travelers's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

**H.**
**MISREPRESENTATION**

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.     Travelers is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Travelers did not inform Plaintiff of certain exclusions in the policy.   Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment.   As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees.   Travelers is liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

61.     Plaintiff would show that Travelers perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages.   Alternatively, Travelers fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

62.     Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff,  Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

63.     By reason of Plaintiff's reliance on Travelers fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

64.     Plaintiff further alleges that because Travelers knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Travelers, and constitute conduct for which the law allows the imposition of exemplary damages.

65.     In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.     Accordingly, Plaintiff requests that penalty damages be awarded against Travelers in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

67.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.     Travelers has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

69.     Travelers's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.     More specifically, Plaintiff seeks monetary relief of more than $100,000 but less than $200,000.

## ADDITIONAL DAMAGES & PENALTIES

71.     Travelers's conduct was committed knowingly and intentionally.   Accordingly, Travelers is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all

operative provisions of the Texas Insurance Code.  Plaintiff is, thus, clearly entitled to the 18%

damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees

pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and

Remedies Code.

## JURY DEMAND

73.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original

Petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Travelers

disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l),

and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

1.     Please produce Travelers's complete claim files from the home, regional, local
offices, and third party adjusters/adjusting firms regarding the claim that is the subject of
this matter, including copies of the file jackets, "field" files and notes, and drafts of
documents contained in the file for the premises relating to or arising out of Plaintiff's
underlying claim.

2.     Please produce the underwriting files referring or relating in any way to the policy
at issue in this action, including the file folders in which the underwriting documents are
kept and drafts of all documents in the file.

3.     Please produce certified copy of the insurance policy pertaining to the claim
involved in this suit.

4.     Please produce the electronic diary, including the electronic and paper notes made by Travelers's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Travelers intend to offer these items into evidence at trial.

### **INTERROGATORIES**

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Travelers expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Travelers or Travelers's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Travelers or any of Travelers's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Travelers's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

     a.     The date and manner in which Travelers received notice of the claim;

    b.       The date and manner in which Travelers acknowledged receipt of the claim;

    c.       The date and manner in which Travelers commenced investigation of the claim;

    d.       The date and manner in which Travelers requested from the claimant all items, statements, and forms that Travelers reasonably believed, at the time, would be required from the claimant; and,

    e.       The date and manner in which Travelers notified the claimant in writing of the acceptance or rejection of the claim.

6.     Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.     Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.     When was the date Travelers anticipated litigation?

9.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Travelers's document retention policy.

10.   Does Travelers contend that the insured premises was damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11.   Does Travelers contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.   Does Travelers contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

13.   How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State the following:

    a.       what performance measures are used; and

    b.       describe Travelers's bonus or incentive plan for adjusters.

## CONCLUSION

77.     Plaintiff prays that judgment be entered against Travelers Lloyds of Texas, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Travelers Lloyds of Texas, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Zach Moseley*
_____
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Zach Moseley
State Bar No. 24092863
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
zach@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

# Exhibit A-3

FILED
DALLAS COUNTY
6/23/2015 3:37:10 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03172-N   Document 1-26   Filed 09/30/15   Page 26 of 43   PageID 30

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

### STYLED:   JOHN MASON VS. TRAVELERS LLOYDS OF TEXAS

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name:<br><br>Zach Moseley | Email:<br><br>zach@vosslawfirm.com | Plaintiff(s)/Petitioner(s):<br><br>**JOHN MASON** | Attorney for Plaintiff/Petitioner **XXX**<br>*Pro Se* Plaintiff/Petitioner<br>Title IV-D Agency<br>Other: _____ |
| Address:<br><br>26619 Interstate 45 | Telephone:<br><br>(713) 861-0015 | Defendant(s)/Respondent(s):<br><br>**Travelers Lloyds of Texas** | Additional Parties in Child Support Case:<br><br>Custodial Parent:<br><br>_____ |
| City/State/Zip:<br><br>The Woodlands, TX 77380 | Fax:<br><br>(713) 861-0021 | [Attach additional page as necessary to list all parties] | Non-Custodial Parent:<br><br>_____ |
| Signature: | State Bar No:<br><br>24092863 | | Presumed Father:<br><br>_____ |

**2. Indicate case type, or identify the most important issue in the case** (select only 1):

| Civil | | | Family Law | | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** | |
| *Debt/Contract*<br>  **XXX Consumer/DTPA**<br>  Debt/Contract<br>  Fraud/Misrepresentation<br>  Other Debt/Contract:<br>    Breach of Contract<br>*Foreclosure*<br>  Home Equity—Expedited<br>  Other Foreclosure<br>Franchise<br>Insurance<br>Landlord/Tenant<br>Non-Competition<br>Partnership<br>Other Contract:<br>_____ | Assault/Battery<br>Construction<br>Defamation<br>*Malpractice*<br>  Accounting<br>  Legal<br>  Medical<br>  Other Professional<br>    Liability:<br><br>Motor Vehicle Accident<br>Premises<br>*Product Liability*<br>  Asbestos/Silica<br>  Other Product Liability<br>    List Product:<br><br>Other Injury or Damage:<br>_____ | Eminent Domain/<br>  Condemnation<br>Partition<br>Quiet Title<br>Trespass to Try Title<br>Other Property:<br>_____ | Annulment<br>Declare Marriage Void<br>*Divorce*<br>  With Children<br>  No Children | Enforcement<br>Modification—Custody<br>Modification—Other | |

| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
|---|---|---|---|---|
| | | Expunction<br>Judgment Nisi<br>Non-Disclosure<br>Seizure/Forfeiture<br>Writ of Habeas Corpus—<br>  Pre-indictment<br>Other: _____ | Enforce Foreign<br>  Judgment<br>Habeas Corpus<br>Name Change<br>Protective Order<br>Removal of Disabilities<br>  of Minority<br>Other:<br>_____ | Adoption/Adoption with<br>  Termination<br>Child Protection<br>Child Support<br>Custody or Visitation<br>Gestational Parenting<br>Grandparent Access<br>Parentage/Paternity<br>Termination of Parental<br>  Rights<br>Other Parent-Child:<br>_____ |

**Title IV-D**
Enforcement/Modification
Paternity
Reciprocals (UIFSA)
Support Order

| **Employment** | **Other Civil** | |
|---|---|---|
| Discrimination<br>Retaliation<br>Termination<br>Workers' Compensation<br>Other Employment:<br>_____ | Administrative Appeal<br>Antitrust/Unfair<br>  Competition<br>Code Violations<br>Foreign Judgment<br>Intellectual Property | Lawyer Discipline<br>Perpetuate Testimony<br>Securities/Stock<br>Tortious Interference<br>Other:<br>_____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| Tax Appraisal<br>Tax Delinquency<br>Other Tax | *Probate/Wills/Intestate Administration*<br>  Dependent Administration<br>  Independent Administration<br>  Other Estate Proceedings | Guardianship—Adult<br>Guardianship—Minor<br>Mental Health<br>Other: _____ |

**3. Indicate procedure or remedy, if applicable** (may select more than 1):

| | | |
|---|---|---|
| Appeal from Municipal or Justice Court<br>Arbitration-related<br>Attachment<br>Bill of Review<br>Certiorari<br>Class Action | Declaratory Judgment<br>Garnishment<br>Interpleader<br>License<br>Mandamus<br>Post-judgment | Prejudgment Remedy<br>Protective Order<br>Receiver<br>Sequestration<br>Temporary Restraining Order/Injunction<br>Turnover |

**4. Indicate damages sought** (do not select if it is a family law case):

Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees Less than $100,000 and non-monetary relief

**XXX** $100, 000 but not more than $200,000

Over $200,000 but not more than $1,000,000

Over $1,000,000.

# Exhibit A-4

FILED
DALLAS COUNTY
6/23/2015 3:37:10 PM
FELICIA PITRE
DISTRICT CLERK

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
THE VOSS LAW CENTER
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

June 17, 2015

*__Via ProDoc E-File__*

Dallas County District Clerk

DC-15-07126

> *Re:* *Cause No.: _____; John Mason vs. Travelers Lloyds of Texas; In The District Court of Dallas County, Texas; _____ Judicial District.*

Dear Clerk:

The Voss Law Firm has requested, via ProDoc e-filing, that a Citation be issued to:

> **Travelers Lloyds of Texas**
> **C/O Corporation Service Company**
> **211 East 7th Street, Suite 620**
> **Austin, Texas 78701-3218**

Please call me if you need additional information.

Very truly yours,

*/s/Carol Morrison*

Carol Morrison
Paralegal

/cm

# Exhibit A-5

FILED
DALLAS COUNTY
6/23/2015 3:37:10 PM
FELICIA PITRE
DISTRICT CLERK

Gay Smith

# THE VOSS ★ LAW FIRM

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
**THE VOSS LAW CENTER**
26619 INTERSTATE 45
THE WOODLANDS, TEXAS 77380
TELEPHONE (713) 861-0015
FACSIMILE (713) 861-0021
TOLL FREE (866) 203-5411
www.VossLawFirm.com

June 17, 2015

***Via ProDoc E-filing***

Dallas County District Clerk

DC-15-07126

**Re:**   ***Cause No.: _____; John Mason vs. Travelers Lloyds of Texas;  In The
District Court of Dallas County, Texas;  _____ Judicial District.***

To Whom It May Concern,

The Voss Law Firm has requested a jury trial in the above-referenced cause.  The appropriate
fee has been paid via ProDoc e-filing.

Please call me if you need additional information.

Very truly yours,

/s/ *Carol Morrison*

Carol Morrison
Paralegal

/cm

# Exhibit A-6

# FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:

**TRAVELERS LLOYDS OF TEXAS**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **298th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JOHN MASON**

Filed in said Court  **23rd day of June, 2015** against

**TRAVELERS LLOYDS OF TEXAS**

For Suit, said suit being numbered **DC-15-07126**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQ FOR DISCLOSURE, REQ FOR INTERROGATORIES, REQ FOR PRODUCTION,**
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 26th day of June, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____ /s/ Altha Miles _____ , Deputy
        ALTHA MILES

## CITATION

## DC-15-07126

**JOHN MASON**
vs.
**TRAVELERS LLOYDS OF TEXAS**

ISSUED THIS
**26th day of June, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ALTHA MILES, Deputy

**Attorney for Plaintiff**
ZACH MOSELEY
ZACH@VOSSLAWFIRM.COM
26619 INTERSTATE 45
THE WOODLANDS TX 77380
713-861-0015

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-15-07126

Court No.298th District Court

Style: JOHN MASON

vs.

TRAVELERS LLOYDS OF TEXAS

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation    $ _____         _____

For mileage    $ _____         of _____ County, _____

For Notary    $ _____         By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

# Exhibit A-7



Chambers of  JUDGE  EMILY TOBOLOWSKY


File Copy




DC-15-07126

JOHN MASON
 vs.
TRAVELERS LLOYDS OF TEXAS


Dismissal  date:  09/21/2015


Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.

Sincerely,



EMILY TOBOLOWSKY
DISTRICT JUDGE
298TH DISTRICT COURT, Dallas County, Texas



Chambers of   JUDGE  EMILY TOBOLOWSKY


ZACH MOSELEY
THE VOSS FIRM PC
26619 INTERSTATE 45
THE WOODLANDS TX  77380



DC-15-07126

JOHN MASON
 vs.
TRAVELERS LLOYDS OF TEXAS


Dismissal  date:  09/21/2015


Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.


                                    Sincerely,



                                    EMILY TOBOLOWSKY
                                    DISTRICT JUDGE
                                    298TH DISTRICT COURT, Dallas County, Texas

# Exhibit A-8



Chambers of   JUDGE  EMILY TOBOLOWSKY


ZACH MOSELEY
THE VOSS FIRM PC
26619 INTERSTATE 45
THE WOODLANDS TX  77380



DC-15-07126

JOHN MASON
 vs.
TRAVELERS LLOYDS OF TEXAS


Dismissal  date:  10/26/2015


Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.

                                        Sincerely,



                                        EMILY TOBOLOWSKY
                                        DISTRICT JUDGE
                                        298TH DISTRICT COURT, Dallas County, Texas



Chambers of   JUDGE  EMILY TOBOLOWSKY


File Copy




DC-15-07126

JOHN MASON
 vs.
TRAVELERS LLOYDS OF TEXAS


Dismissal  date:  10/26/2015


Counsel:

The court  has determined that the above cause/motion has shown little or no progress for an unacceptable period of  time.

Please appear in person before the court administrator on or before dismissal date indicated above to report the status of
Said cause/motion and advise of any action the court may take to facilitate the disposition of this litigation.

If no appearance is made for this docket, the cause/motion will be dismissed for want of prosecution.  This docket will be held at 9:00 a.m.

Thank you for cooperation with our efforts to better manage the dockets of this court.

                                            Sincerely,



                                            EMILY TOBOLOWSKY
                                            DISTRICT JUDGE
                                            298TH DISTRICT COURT, Dallas County, Texas

# Exhibit A-9

FILED
DALLAS COUNTY
9/25/2015 9:47:48 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:15-cv-03172-N   Document 1-1   Filed 09/30/15   Page 41 of 43   PageID 45

## CAUSE NO. DC-15-07126

| | | |
|---|---|---|
| **JASON MASON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS,** | § | |
| | § | |
| **Defendant.** | § | **298TH-M JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendant Travelers Lloyds of Texas ("Travelers" or "Defendant") files its Original Answer thereto.

### I.
### GENERAL DENIAL

Defendant denies all and singular the allegations contained in the Petition and demands strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.      Defendant denies that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded to the extent that the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

4.      Plaintiff has failed to mitigate his damages.

5.      Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

6.      All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendant had no control.

7.      Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

8.      Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers Lloyds of Texas Insurance Company prays that Plaintiff take nothing by this suit, and that Defendant goes hence and recover costs on its behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 25th day of September 2015 at the address indicated below:

Bill L. Voss
Scott G. Hunziker
Zach Moseley
The Voss Law Firm, P.C.
26619 Interstate 45
The Woodlands, Texas 77380
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
zach@vosslawfirm.com

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett